IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| GEOFFREY HAROLD HARVEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-05665 |
| ) | (Criminal No. 2:07-00033) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255" and Supplemental Emergency Motion. (Document Nos. 99 and 104.) By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 100.)

**FACTUAL AND PROCEDURAL BACKGROUND**

A    **Criminal Action No. 2:07-00033:**

On June 14, 2007, Movant pled guilty to one count of armed pharmacy robbery in violation of 18 U.S.C. §§ 2118(a) and (c)(1) (Count One) and one count of one count of use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). (Criminal Action No. 2:07-00033, Document Nos. 41,42, 44.) The District Court sentenced Movant on November 13, 2007, to serve a total term of 360 months of incarceration to be followed by a five-year term of supervised release. (Id., Document Nos. 68, 71, 78.) The District Court further imposed a $200 special assessment and $4,917.24 in restitution. (Id.)

On November 15, 2007, Movant, by counsel, filed his Notice of Appeal. (Id., Document No. 73.) In his appeal, Movant argued as follows: (1) The District Court imposed a sentence greater

than necessary to comply with the purpose set forth in 18 U.S.C. § 3553(a)(2); and (2) The District Court abused its discretion when imposing a substantial upward sentencing variance. (Id., Document No. 87.) On May 6, 2009, the Fourth Circuit affirmed the District Court's judgment. (Id.)

**B.      Instant Section 2255 Motion:**

On June 23, 2016, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and Assistant Federal Public Defender Lex A. Coleman, filed his "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255." (Civil Action No. 2:16-5665, Document No. 99.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant argues that he is entitled to relief under Section 2255(f)(3) "because he filed [his Motion] within one year of the Supreme Court's decision in Johnson – a ruling which established a 'newly recognized' right that is 'retroactively applicable to cases on collateral review.'" (Id.) Movant contends that in light of Johnson, he is innocent of the Section 924(c) conviction (Count Two). (Id.) Additionally, counsel states that they were unable to fully brief the issues presented in the Section 2255 Motion due to time constraints and "counsel will ask for leave to supplement this petition at a later time." (Id.)

By Order entered on June 30, 2016, the undersigned directed Movant to file any supplemental brief in support of his Section 2255 Motion by August 1, 2016, and directed the United States to file its Answer by September 12, 2016. (Id., Document No. 102.) On August 1, 2016, Movant, by counsel, filed his "Supplemental Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 104.) Movant first explains that he was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. §

2

924(c) (Count Two). (Id.) Movant states that the underlying "crime of violence" for the Section 924(c) charge was a violation of 18 U.S.C. § 2118 (armed pharmacy robbery). (Id.) Movant argues that post-Johnson, armed pharmacy robbery categorically fails to qualify as a "crime of violence." (Id.) Movant claims that armed pharmacy robbery is not a crime of violence under the Section 924(c)(3)(B)'s "residual clause" because that similarly worded provision suffers from the same substantive constitutional defects that prompted the Supreme Court to hold the ACCA residual clause failed to provide adequate notice and invited arbitrary enforcement to the degree it was unduly vague under the Due Process Clause. (Id.) Movant explains that in Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that logically Johnson applies to Section 924(c)(3) based on the substantively similar language of Section 924(e)(2)(B)(ii) and 924(c)(3)(B). (Id.) Movant further cites Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) and United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015) in support of his claim. (Id.) In Dimaya and Vivas-Ceja, the Ninth and Seventh Circuits determined that the "residual clause" of Section 16(b) was unconstitutional based upon Johnson. (Id.) Movant notes that the "residual clause" of Section 16(b) and Section 924(c)(3) are textually identical. (Id.) Accordingly, Movant argues that his Section 924(c) conviction should be vacated based upon Johnson. (Id.)

Second, Movant asserts that armed pharmacy robbery is not a "crime of violence" under Section 924(c)(3)(A)'s "force clause." Movant explains "[t]extually, § 2118(c)(1) requires some form of assault, but it does not require a particular level of force to be used" and Section "2118(a) disjunctively requires force, violence, or intimidation as means for committing pharmacy robbery." (Id.) Movant argues that "[a]s an element, however, only one of the three listed means – violence – suggests any particular level of force meeting the level required by *Johnson*." (Id.)

3

Thus, Movant contends that "[n]either force nor intimidation under § 2118 textually require the use of violent force, and could be satisfied by the use of *de minimis* force." (Id.) Movant argues that "the 'physical force' element of crimes of violence must be force that was intentionally employed, as opposed to reckless or wanton conduct." (Id.) Movant further argues that "the fact that pharmacy robbery has an element 'by the use or a dangerous weapon or device' [does not] make it a crime of violence under the force clause." (Id.) Citing United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012), Movant argues that the Fourth Circuit concluded "that an 'offense that results in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence.'" (Id.) Movant stressed that the Fourth Circuit noted that "a crime *may* result in death or serious injury without involving *use* of physical force." (Id.) Therefore, Movant "submits that the same rational readily applies to § 924(c) and § 2118(a) & (c)(1)." (Id.)

On September 9, 2016, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 105.) First, the United States argues that "[a]rmed robbery of a pharmacy is unquestionably a crime of violence under the force clause in § 924(c)(3)(A), following the Fourth Circuit's decision in United States v. McNeal, 818 F.3d 141 (4th Cir. 2016)." (Id.) Second, the United States contends that Movant "procedurally defaulted on this claim, inasmuch as he has never before challenged whether armed robbery of a pharmacy is properly considered a crime of violence under the force clause, and he has offered no good reason to excuse his delay in bringing such a challenge." (Id.) Third, the United States asserts that Movant's claim is premature because the Supreme Court had not held that Johnson applied to Section 924(c) or that it was retroactively applicable to such. (Id.) Finally, the United States argues that Johnson does not invalidate Section 924(c)(3)(B). (Id.)

4

By Order entered on February 17, 2017, the undersigned granted Movant's Motion to Stay the above action pending the United States Supreme Court's decision in Lynch v. Dimaya, No. 15-1498. (Id., Document No. 111.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings,

Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a Section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. §

924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to 18 U.S.C. § 924(c). Movant was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Two). Movant states that the underlying "crime of violence" for the Section 924(c) charge was a violation of 18 U.S.C. § 2118(a) and (c)(1) (armed pharmacy robbery). Movant explains that Section 924(c)'s definition of "crime of violence" contains a "residual clause" that is materially indistinguishable from the "residual clause" in the ACCA that was struck down in Johnson. Section 924(c)'s "residual clause" defines "crime of violence" to include any felony that "by its nature, involves a substantial risk that physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(B). In Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended Johnson and determined that the "residual clause" found in 18 U.S.C. § 16(b) is unconstitutionally vague. As noted by Movant, the definition of "crime of violence" as contained in Section 16(b) is nearly identical to the definition of "crime of violence" contained in Section 924(c)(3)(B). Recently, the Supreme Court determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, ___ L.Ed.2d ___ (2019). The Supreme Court also

7

addressed the Government's argument that Section 924(c)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. Id. The Supreme Court, however, rejected the Government's request that the Court "abandon the traditional categorical approach and hold that the statute commands a case-specific approach that would look at the defendant's actual conduct in the predicate crime." Id. The Supreme Court determined that Section 924(c)(3)(B), similar to Section 16(b), carries a categorical approach and is unconstitutionally vague. Id.

The undersigned will assume without deciding that Movant's Section 2255 Motion is timely, and Davis is retroactive to cases on collateral review based upon Johnson and Welch. Despite the holding in Davis, the undersigned finds that Movant is not entitled to relief. Specifically, the undersigned finds that Movant's conviction for armed pharmacy robbery qualifies as a "crime of violence" under the "force clause" of Section 924(c)(3)(A). To determine whether an offense is a "crime of violence" under the "force clause," the court applies a "categorical approach." United States v. Simms, 914 F.3 229, 233 (4th Cir. 2019). Specifically, a Court considers "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." Id. A person is guilty of armed pharmacy robbery if he or she (1) takes or attempts to take from the person or presence of another any material or compound containing any quantity of a controlled substance; (2) the material or compound belonged to or was in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substance Act (21 U.S.C. 822); (3) the taking was "**by force or violence or by intimidation**;" (4) the replacement cost of the material or compound to the registrant was not less than $500.00; and (5) the person committing the offense

assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. See 18 U.S.C. § 2118(a) and (c)(1)(emphasis added).

In his Section 2255 Motion, Movant argues that armed pharmacy robbery is not a crime of violence under the "force clause" because 18 U.S.C. § 2118 permits a conviction by use of "force" or "intimidation." In United States v. Evans, 848 F.3d 242, 244 (4th Cir. 2017), the Fourth Circuit specifically considered and rejected the argument that carjacking could not constitute a "crime of violence" under the "force clause" because the offense could be committed "by intimidation." United States v. Evans, 848 F.3d 242, 246-48 (4th Cir. 2017), cert. denied, ___ U.S. ___, 137 S.Ct. 2253, 198 L.Ed.2d 688 (2017)(the offense of carjacking in violation of Section 2119 qualifies as a "crime of violence" under the "force clause" "because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'") Citing United States v. McNeal, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit explained it determined that the federal crime of bank robbery was a "crime of violence" under the "force clause" of Section 924(c)(3). Id., 848 F.3d. at 246-47("the term 'intimidation,' as used in the federal bank robbery statute, required the threatened use of physical force, and that, therefore, the federal crime of bank robbery categorically qualified as a crime of violence under the force clause of Section 924(c)(3).") The Fourth Circuit further explained the "intimidation" phrase in the federal bank robbery statute is "substantively identical" to the "intimidation" phrase in issue in the federal carjacking statute. Id.; See 18 U.S.C. § 2113("by force and violence, or by intimidation") and 18 U.S.C. § 2119("by force and violence or by intimidation"). Further, the Fourth Circuit stated that "[o]ur conclusion is not altered by our decision in *Torres-Miguel*," because "unlike the statute at issue in *Torres-Miguel*, the carjacking statute includes the statutory

9

element of '*by force* and violence or by intimidation.'" Id., 848 F.3d at 247(explaining that in *Torres-Miguel*, the California statute at issue provided "a crime may *result* in death or serious injury without involving use of physical force"). The Fourth Circuit explained that "the term 'intimidation' used in this context means a threat of violence force." Id. The Fourth Circuit, therefore, held that "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)." Id. Thus, federal courts have held that a "taking by force and violence entails the use of physical force," and "a taking by intimidation involves the threat to use such force." Id. at 153; see also Johnson, 559 U.S. at 140, 130 S.Ct. 1265 (physical force simply means "violent force – that is force capable of causing physical pain or injury to another person); United States v. Castleman, 572 U.S. 157, 134 S.Ct. 1405, 1414-15, 188 L.Ed.2d 426 (2014)(finding that physical force "encompasses even its indirect application"). As stated above, an armed pharmacy robbery conviction requires that a person take or attempt to take "by force or violence or by intimidation" a controlled substance from a person registered with the Drug Enforcement Administration and the person committing the offense assaulted, or put in jeopardy the life of a person, "by the use of a dangerous weapon or device." See 18 U.S.C. § 2118(a) and (c)(1). To the extent Movant argues that armed pharmacy robbery can be accomplished with non-violent (or de minimis) force against a person, the undersigned finds his argument is without merit. The Fourth Circuit has recognized that convictions for robbery with a dangerous or deadly weapon are "violent felonies." United States v. Bell, 901 F.3d 455, 472 (4th Cir. 2018); also see United States v. Bryant, Case No. 17-6719 (4th Cir. Jan. 24, 2020)(holding that "§2114(a)'s requirement that a defendant use a dangerous weapon to put the victim's life in

jeopardy 'ensures that at least the threat of physical force is present.'")

Furthermore, the Fourth Circuit recently concluded that Hobbs Act Robbery constituted a crime of violence under the "force clause." A person is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . ..." 18 U.S.C. § 1951(a). The statute defines "robbery" as follows:

> The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, ***by means or actual or threatened force, or violence, or fear of injury***, immediate or future, to his person or property, in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1)(emphasis added). In United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit determined "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." Id. at 266. Thus, the statutory elements of Hobbs Act robbery requires the use, attempted use, or threatened use of physical force. Based upon the foregoing, the undersigned similarly concludes that "by force or violence or by intimidation" as used in the armed pharmacy robbery statute includes a threat of violent force within the meaning of the "force clause" of Section 924(c)(3). See Kidd v. United States, 929 F.3d 578, 580-81 (8th Cir. 2019)(finding that "the offense of armed robbery involving controlled substances satisfies the force clause even when the offense is committed by means of intimidation"), cert. denied, 2020 WL 129695 (2020); United States v. Hopkins, 608 Fed.Appx. 637 (10th Cir. 2015)(finding armed robbery of a pharmacy is a crime of violence under the force clause); Perkins v. Vereen, 2019 WL 1411105, * 5 - 6 (D.S.C. Feb. 4, 2019)("[C]ourts have consistently found that robbery in violation of § 2118(a) qualifies as a crime of violence under the force clause of § 924(c)(3)(A))(collecting cases). Therefore, the undersigned respectfully recommends that Movant's Section 2255 Motion should be denied

because Movant's armed pharmacy robbery conviction qualifies as a "crime of violence" under the "force clause" of Section 924(c)(3).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore, respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **REINSTATE** the above case to the active docket, **DENY** Movant's "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255" and Supplemental Emergency Motion (Document Nos. 99 and 104), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: February 11, 2020.

Omar J. Aboulhosn
United States Magistrate Judge